UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROBERT McPHERSON, CDCR# AR-9781,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of CDCR; MARCUS POLLARD, Warden; DOES 1-100,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:21cv1818-BTM-DEB<br><br>**ORDER:**<br><br>**(1)　GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2)　DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

　　　Plaintiff Barry Robert McPherson, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, has filed this civil action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 1. In addition, Plaintiff has filed a Motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**I.　Motion to Proceed IFP**

　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in increments or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR inmate trust account statement and prison certificate. *See* ECF No. 3 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows

---

[1] For civil cases filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*. This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that provision still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

that Plaintiff has had an average monthly deposits of $3.90 and average monthly balance of $8.66 but only had an available balance of $0.00 at the time of filing. *See* ECF No. 3 at 2.

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact an initial filing fee because his trust account statements indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR or her designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**III.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

Plaintiff claims he was convicted of a crime "he did not commit." (Compl. at 3.) He alleges that he "notified the Warden of [RJD]" and the Secretary of the CDCR "through habeas corpus" of his unlawful conviction but they failed to "taken any action to release [him] from custody." (*Id.*) Plaintiff argues that he was "convicted under false claims" and was "denied the opportunity to present [his] claims before a court of law." (*Id.* at 4.)

Plaintiff also alleges that has been subjected to "cruel and unusual punishment" with regard to the conditions of his confinement. (*Id.*) He alleges that he has been "subjected to unsanitary conditions, denied medial treatment, sexually groped by a guard," and "smashed" into the door of his cell which caused him to "suffer a heart attack due to the stress." (*Id.*)

Plaintiff also claims that he was exposed to Covid and "might have died due to [his] advanced age, obesity, heart disease, and asthma." (*Id.*) Plaintiff alleges he filed grievances with the Warden, which were denied, claiming that he was "offered no medical treatment during [his] Covid infection" and he was not placed in quarantine which caused his cellmate to contract Covid as well. (*Id.*)

In addition, Plaintiff alleges that there is no "law library on the yard" and instead he has to wait weeks for "permission to have a mere two hours of research time." (*Id.* at 5.)

Plaintiff has filed "several habeas corpus petitions" that have been denied by the "California Courts" on procedural grounds. (*Id.*)

Plaintiff seeks "immediate release from custody," $10,462,000 in compensatory damages, $200,000,000 in punitive damages, and "future medical expenses due to Covid-19 exposure." (*Id.* at 7.)

### C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

#### 1.   Heck Bar

To the extent Plaintiff seeks damages based on allegations that he is "innocent of the crime charged and convicted under false claims," *see* Compl, at 4, his suit may not proceed as a civil rights action. There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v.*

*Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82).

Here, because Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated, his suit is subject to dismissal because he may not pursue such claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on allegations that he was wrongfully convicted and seeks "immediate release from custody," *see* Compl. at 7, he may not

proceed pursuant to § 1983, unless and until that conviction has been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. A federal district court cannot "reverse" a state court criminal conviction pursuant to 42 U.S.C. § 1983, and an award of damages based on that conviction would necessarily imply its constitutional invalidity and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487.

Because Plaintiff does not claim to have already invalidated the conviction which forms the basis of his suit by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, his wrongful conviction claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

      2.  *Eighth Amendment claims*

In addition, the Court finds Plaintiff's Complaint fails to state any plausible claim for relief against either RJD's Warden Pollard or CDCR Secretary Allison. Plaintiff alleges Secretary Allison denied him "emergency release" and he submitted grievances to the Warden that were denied. (*See* Compl. at 4.)

Plaintiff also alleges a number of conditions of confinement claims including "unsanitary conditions," denial of medical treatment, sexual assault by an unnamed correctional officer, and excessive use of force. (*Id.*) However, it is not clear to the Court that these claims are directed to any of the named Defendants. In addition, while they may rise to the level of serious allegations of constitutional violations he does not identify any specific individual whom he claims is responsible for the different allegations nor does he provide any approximate dates or specific factual allegations as to what purportedly happened.

Because "vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C.

§ 1983). Supervisory officials like Allison and Pollard may only be held liable under § 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). In other words, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citations omitted).

Plaintiff's Complaint "pleads no factual content that allows the court to draw the reasonable inference that [either Allison or Pollard] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint includes no specific factual allegations with respect to either Warden Pollard or Secretary Allison, and he does not describe what either of them either did, or failed to do, with respect to his housing, health, safety, or medical treatment. *Id.* at 679 ("Determining whether a complaint states a plausible claim for relief [is] … a context-specific task.").

"The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, to be held personally liable for Plaintiff's injuries under the Eighth Amendment, Pollard and Allison must be specifically alleged to have acted with deliberate indifference to a serious risk to Plaintiff's health or safety. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, even "[p]rison official[s] who actually kn[o]w of a

substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk, even if the harm ultimately [i]s not averted." *Farmer*, 511 U.S. at 844.

The Court acknowledges CoVID-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [CoVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to plead a viable Eighth Amendment claim, Plaintiff must provide more than conclusory statements that supervisory prison officials did not do enough to control the spread of the disease within the entire prison. *See Iqbal*, 556 U.S. at 678. In situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing *the official*." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (citations omitted) (emphasis original). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," prisoners alleging cruel and unusual punishment must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind." *Id.* at 297 (internal quotation marks, emphasis and citations omitted); *see also Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020) (sua sponte dismissing Eighth Amendment claims against the Governor for "failing to provide adequate means for prisoners to reduce their exposure to CoVID-19"); *see also Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of CoVID-19 in the prison). Plaintiff's Complaint is devoid of any facts sufficient to plausibly suggest either Warden Pollard or Secretary Allison were personally aware of his underlying medical vulnerabilities. *See Farmer,* 511 U.S. at 838 ("[An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

As currently pleaded, however, nothing in Plaintiff's Complaint plausibly suggests Pollard or Allison "through [their] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim)

Therefore, Plaintiff's Eighth Amendment claims against both Warden Pollard and Secretary Allison must be dismissed *sua sponte* for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2 )(B)(ii) and § 1915A(b)(1).  *See Watison* 668 F.3d at 1112; *Wilhelm,* 680 F.3d at 1121.

### 3. Access to Courts claims

Plaintiff also alleges that he has been denied access to the courts.  (*See* Compl. at 5.) Plaintiff contends that he has to "wait for weeks to get permission to have two mere hours of research time."  (*Id.*)  However, Plaintiff also admits that he has been able to submit "several habeas corpus petitions" to the "California Courts" who purportedly "refuse to grant the writs" despite the fact Plaintiff has allegedly "made the required prima facie showing." (*Id.*)

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354. In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). The right of access does not require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id*. at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim . . .. *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-3 (E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of the underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417.

Plaintiff's Complaint has failed to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104.  While Plaintiff does allege that he has had insufficient time in the law library, he also alleges that he has presented arguments to the courts that should entitle him to relief but the courts have denied him this relief "on procedural grounds because maintaining the conviction [is] more important than justice." (Compl. at 5.)  Plaintiff fails to indicate how additional time in the law library would have changed the outcome of the rulings issued by the "California courts." (*Id.*)  In addition, while Plaintiff argues that his incarceration is "unlawful," Plaintiff has not provided the Court with the "nature and description" of the claims he brought in an action, nor the "non-frivolous" or "arguable" nature of those claims. *Harbury*, 536 U.S. at 413-14. Thus, the Court finds that Plaintiff's

Complaint fails to include sufficient "factual matter" to show how or why any of the individual Defendants in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. Because Plaintiff has failed to allege facts sufficient to show that Defendants caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### D.     Leave to Amend

While the Court has dismissed all of Plaintiff's claims, it must also grant Plaintiff leave to amend them–if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Cervantes*, 5 F.3d at 1277 (noting that a time-barred action may not ordinarily be dismissed at pleading without leave to amend unless "some fact, evident from the face of the complaint, support[s] the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue.").

Should Plaintiff's Amended Complaint fail to allege facts sufficient to establish the timeliness of his claims, however, he is hereby cautioned that the Court will dismiss the those claims without further leave amend.  Plaintiff is also cautioned that while Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

/ / /

/ / /

### III. Conclusion and Order

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint (ECF No. 1) sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 21cv1818 BTM (DEB) in its caption, and comply both with FED. R. CIV. P. 8 and with S.D. CAL. CIVLR 8.2.a.

1  The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its
2  form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to
3  assist him in complying with LR 8.2.a's requirements.
4      **IT IS SO ORDERED**.

6  Dated: December 8, 2021

                                      HON. BARRY TED MOSKOWITZ
                                      United States District Judge